IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CRYSTAL MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case no. 24-CV-01279 |
| ) | |
| v. ) | |
| ) | Honorable Michael M. Mihm |
| JEAN MARIE CASE, et al., ) | |
| ) | |
| Defendant. ) | |

## PROPOSED HIPAA QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The parties and their attorneys are hereby authorized to receive, subpoena, and transmit "protected health information" pertaining to Plaintiff to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order (this "Order"), the phrase "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Accordingly, protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to Plaintiff and to attorneys representing the Plaintiff and Defendants in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information of Plaintiff for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not limited to, disclosure by the Parties to their attorneys, and by their attorneys to experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing Plaintiff's protected health information to persons or entities involved in this litigation, counsel shall inform each such person or entity that Plaintiff's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all reasonable steps to ensure that persons or entities receiving Plaintiff's protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within forty-five (45) days of the conclusion of the litigation, including any appeals, the parties, and any person or entity in possession of protected health information pertaining to Plaintiff received from counsel pursuant to paragraph four of this Order, shall destroy any and all copies of protected health information pertaining to Plaintiff, unless this is contrary to the State Records Act, 5 ILCS 160/1 et seq.; in which case, the documents will be returned to the state agency of origin,

except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7. This Order does not control or limit the use of protected health information pertaining to Plaintiff that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8. Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process. However, the Office of the Illinois Attorney General may request via informal means such records or information upon reasonable notice to Plaintiff; when such office receives such records or information, they shall be produced in their entirety to Plaintiff.

9. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal.

**SO ORDERED.**

6/4/2025                                               s/Ronald L. Hanna

Dated:_____        _____
                                                              Ronald L. Hanna
                                                              United States Magistrate Judge